IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

IN RE:    MINDY KAY SLOAN                                     1:16-bk-14945 J
          a/k/a MINDY KAY CLARK                               CHAPTER 12
          Debtor

OBJECTION TO MOTION TO SELL PROPERTY
LOCATED AT 234 AND 237 LUBER ROAD, MOUNTAIN VIEW, ARKANSAS

Comes Movant Stone Bank formerly known as Ozark Heritage Bank, N.A. (the "**Bank**"), and for its Objection to Motion to Sell Property Located at 234 and 237 Luber Road, Mountain View, Arkansas (the "**Objection**"), states:

1.  The Bank objects to the Motion to Sell Property Located at 234 and 237 Luber Road, Mountain View, Arkansas (Doc#: 128) (the "**Motion**") filed by Debtor Mindy Kay Sloan ("**Debtor**") and the proposed sale of 234 and 237 Luber Road, Mountain View, Arkansas (the "**Property**") described in the Motion.

2.  Debtor's Confirmed Chapter 12 Plan of Reorganization Dated June 16, 2017 and its Exhibit A (Doc#: 80 and Doc#: 80-1) (collectively, the "**Plan**") provides that Debtor may propose sales of the Bank's collateral. The Plan contains various parameters and requirements for proposed sales of the Bank's collateral, including, but not limited to, thresholds for sale prices, the requirement for signed, written agreements, and the prohibition against seller financing. Further, during the term of the Plan, the Bank's collateral cannot be sold unless the sale is approved by this Court.

3.  The Plan further provides that the Bank is entitled to *ex parte* relief from the automatic stay to allow the Bank to pursue its lawful remedies against all of its collateral in the event

Debtor fails to cure a material default within 10 days after notice of default is provided as set forth in the Plan.

4. On May 30, 2018, this Court entered an Order Granting Motion for *Ex Parte* Relief from Stay (Doc#130) based upon the Motion for *Ex Parte* Relief from Stay (Doc#129) and its supporting Affidavits that reflected the Bank was entitled to *ex parte* relief from the automatic stay.

5. The Order Granting Motion for *Ex Parte* Relief from Stay (Doc#130) allows the Bank to pursue its lawful remedies against all of its collateral, which includes the property that is the subject of the Motion.

6. The Bank currently has pending before the Circuit Court of Stone County, Arkansas, a foreclosure proceeding, styled as *Stone Bank formerly known as Ozark Heritage Bank, N.A. v. Mindy Sloan et al.*, Case No. CV-2016-032 (the "**State Court Litigation**"). Prior to the filing of this bankruptcy proceeding, the State Court Litigation sought, among other things, foreclosure of the Bank's collateral. With entry of the Order Granting Motion for *Ex Parte* Relief from Stay (Doc#130), the Bank will continue the State Court Litigation and foreclosure of its collateral, including the Property.

7. Given the entry of the Order Granting Motion for *Ex Parte* Relief from Stay (Doc#130), this Court should deny the Motion.

8. In addition to the foregoing, the Motion should be denied for a number of other reasons.

9. For example, the proposed sales price is insufficient and it is not an arms-length transaction. The Property is commonly referred to by Debtor and in the Plan as "Grandma's Place," which is an "Acreage Tract" as defined in the Plan.

10. Under the Plan, the Bank may object to the sale price of any proposed sale of an Acreage Tract that is between 80% and 92% of the Scheduled Value of an Acreage Tract. Again, the proposed sale of the Property is exactly 80% of the Scheduled Value. Although Debtor scheduled the value of the Property at $194,000, the Bank believes that the Property is worth in excess of $225,000 based upon an appraisal of that Property that is approximately 1 year old. Therefore, the proposed purchase price is not commensurate with the present fair market value of the Property, and the Bank objects to the Motion based upon the significantly low proposed purchase price.

11. Debtor has indicated that the Property holds significant value to her and her family, and that it was her intent to not sell the Property. Now that Debtor has gone in default under the Plan, Debtor is attempting to sell the Property to her husband, Stacy Sloan, for a significantly low amount. Clearly, Debtor is attempting to save the Property from foreclosure by attempting to sell the Property to her husband.

12. The Bank further objects to the Motion because the proposed sale does not require the buyer to provide any type of earnest money or deposit down in connection with the proposed sale.

13. The Bank further objects to Debtor's assertion that Exhibit B attached to the Motion represents the accurate legal description for the Property. Debtor is not a licensed surveyor and does not have requisite scientific, technical, or other specialized knowledge that will help the Court determine whether the legal description contained in Exhibit B to the Motion is an accurate legal description of the Property. Debtor should be required to provide competent, relevant evidence regarding this issue should any hearing on the Motion to held.

14. For the reasons set forth herein, the Bank objects to the Motion and the proposed sale of the Property.

15. The Bank reserves its right to plead further and to amend and supplement this Objection after additional investigation and discovery.

**WHEREFORE**, Stone Bank formerly known as Ozark Heritage Bank, N.A. prays that its Objection be sustained; that the Motion be denied and the proposed sale of the Property not be approved; and that it be granted all other just and proper relief.

Dated: June 4, 2018　　　　　　　　Respectfully submitted,

**HOPKINS HEADLEE CASTSTEEL PLLC**
Attorneys at Law
1000 West Second Street
Little Rock, Arkansas 72201
www.hopkinslawfirm.com
Telephone: (501) 375-1517
Facsimile: (501) 375-0231
Email: rcaststeel@hopkinslawfirm.com

By: **/s/ Ryan J. Caststeel**
　　**Ryan J. Caststeel**
　　Arkansas Bar No. 2007212

*Attorneys for Stone Bank*

**CERTIFICATE OF SERVICE**

  I, Ryan J. Caststeel, hereby certify that on June 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which shall send notification of such filing to the following:

Theresa L. Pockrus
THE NIXON LAW FIRM
4100 Wagon Wheel Road
Springdale, AR 72762

Renee Williams, Ch. 12 Trustee
125 Roberts Ridge Terrace
Hot Springs, AR 71901-7286

U.S. Trustee (UST)
Office Of U. S. Trustee
200 W Capitol, Ste. 1200
Little Rock, AR 72201

And all others registered to receive CM/ECF notifications.

                **/s/ Ryan J. Caststeel**